**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**STARSTONE SPECIALTY INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**CARING FIRST, INC., d/b/a BREESE NURSING HOME, AHSAN USMAN, and LAWRENCE W. BISHOP, Individually and as Executor of the Estate of Carol A. Bishop,**

**Defendants.**

**Case No. 25-CV-01750-SPM**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is Plaintiff StarStone Specialty Insurance Company's ("StarStone") Motion for Default Judgment pursuant to FED. R. CIV. P. 55(b) against Defendants Caring First, Inc., doing business as Breese Nursing Home ("Breese"), and Ahsan Usman, seeking declaratory judgement that it has no duty to defend or indemnify Defendants Breese and Usman in an underlying wrongful death lawsuit brought by Defendant Lawrence W. Bishop, Individually and as Executor of the Estate of Carol A. Bishop ("Bishop"). (Doc. 15). Defendants Breese and Usman were properly served, (*see* Doc. 10), but they failed to respond, and the Clerk entered default against them pursuant to FED. R. CIV. P. 55(a), (*see* Doc. 14). Having been

fully informed of the issues presented, the Court **GRANTS in part** StarStone's Motion for Default Judgment against Breese and Usman.

## Background

On May 30, 2025, Bishop filed the underlying lawsuit in the Third Judicial Circuit Court of Madison County, Illinois, against Breese and Usman, asserting statutory causes of action under both the Illinois Wrongful Death Act (740 ILL. COMP. STAT. § 180/1) and the Illinois Survival Statute (755 ILL. COMP. STAT. 5/27-6) following decedent Carol A. Bishop's violent fall on October 3, 2024. *See Bishop v. Caring First Inc.*, No. 2025LA000687 (Ill. Cir. Ct.); (*see also* Doc. 1, Ex. 2, pp. 6–15). In that action, Bishop alleges that Breese and Usman violated their duties of care through various negligent acts or omissions which proximately caused Carol Bishop's death on October 19, 2024. (*Id.*). On September 8, 2025, Starstone filed the instant action seeking declaratory judgment that it has no duty to defend indemnify Breese and Usman in the underlying action. (Doc. 1).

According to the allegations in the Complaint, StarStone issued a claims-made insurance policy (the "Policy") to Breese for the period of January 3, 2025, through January 3, 2026. (Doc. 1, p. 3). The Policy, which is attached to and incorporated into the Complaint, included several coverage parts, including claims-made professional and general liability coverage. (*Id.*). Under the Policy's insuring agreement, StarStone agreed to pay on behalf of an insured those amounts the insured became legally obligated to pay as damages resulting from a "Medical Incident," provided that the claim was first made against an insured during the policy period or any applicable extended reporting period. (*Id.*, p. 3). The Policy further provided that StarStone had

the right and duty to defend any claim covered by the relevant insuring agreements. (*Id.*).

The Policy defined a "Claim" to include a civil action seeking damages arising from a covered medical incident and defined the policy period as the time beginning on the effective date and ending upon termination of coverage. (Doc. 1, pp. 4–5). According to the Complaint, the Policy was canceled by endorsement at the request of the named insured effective May 25, 2025. (*Id.*, p. 6). The endorsement further provided that StarStone would not be liable for any claim made against any insured on or after the effective date of cancellation. (*Id.*). The Complaint alleges that no automatic or supplemental extended reporting period applied following the cancellation of the Policy. (*Id.,* p. 8).

The Complaint further alleges that the underlying wrongful death and survival action was filed on May 30, 2025, which is after the effective date of the Policy's cancellation. (Doc. 1, p. 9). After receiving notice of the underlying lawsuit, StarStone initially retained counsel to defend Breese under a reservation of rights. (*Id.*, p. 7). StarStone also advised Usman that he did not qualify as an insured under the Policy, but that StarStone would nevertheless provide him with a courtesy defense, while disclaiming any obligation to indemnify him. (*Id.,* p. 9–10).

StarStone later confirmed during its investigation that the Policy had been canceled effective May 25, 2025, and issued a supplemental reservation of rights letter to Defendants. (Doc. 1, Ex. 5). In that letter, StarStone advised that the underlying lawsuit constituted a claim first made after the Policy's termination date and therefore did not potentially implicate coverage under the Policy. (*Id.*). StarStone

disclaimed any duty to indemnify Breese or Usman and asserted that it had no duty to defend either Defendant in connection with the underlying lawsuit, notwithstanding its continued provision of a defense. (*Id.*).

StarStone alleged three counts in its Complaint. (Doc. 1). In Count I, StarStone alleged that Breese canceled the Policy effective May 25, 2025, and that, under the Policy's terms, StarStone is not liable for any Claim first made against an Insured on or after that date. (*Id.*, p. 11). In Count II, StarStone alleged that Mr. Usman does not qualify as an Insured under the Policy and therefore is not entitled to defense or indemnity coverage. (*Id.*, pp. 11–12). In Count III, StarStone alleged that because the Underlying Action is not insured under the Policy, it is entitled to reimbursement of Defense Costs previously expended. (*Id.*, p. 12). Based on those allegations, StarStone is seeking declaratory relief defining the parties' rights and obligations with respect to defense, indemnity, and reimbursement arising from the Underlying Action. (*Id.*, pp. 11–12).

On November 25, 2025, StarStone moved for entry of default, and the following day, the Clerk entered default against Breese and Usman. (Doc. 14). On December 10, 2025, StarStone filed the instant Motion for Default Judgment against Breese and Usman. (Doc 15). Neither Breese nor Usman has responded.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 covers the entry of default judgment, which has two stages. *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead

or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, the district court may then enter judgment on default pursuant to Rule 55(b)(2). *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) (citing FED. R. CIV. P. 55(b)(2)). "When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages." *Id.* (citing FED. R. CIV. P. 8(b)(6); *Quincy Bioscience, LLC v. Ellishbooks*, 957 F.3d 725, 725 (7th Cir. 2020) (affirming entry of default judgment)).

## ANALYSIS

StarStone seeks a declaratory judgment under 28 U.S.C. § 2201 that it owes no duty to defend or indemnify Defendants Breese and Ahsan Usman in the underlying wrongful death action and has moved for default judgment pursuant to Rule 55(b)(2).[1] The material facts concerning the insurance policy and the timing of the underlying lawsuit are undisputed by virtue of Defendants' default. (*See* Doc. 1). StarStone issued a claims-made liability policy to Breese for a period that expired on May 25, 2025. (*Id.*, pp. 3, 6). The underlying action was filed on May 30, 2025, after the StarStone insurance policy expired. (*Id.*, pp. 6, 9). Because the policy's coverage was limited to claims first made within the policy period or any applicable extended reporting period, and there was no applicable reporting period, StarStone has no duty to defend or indemnify Breese or Usman. (*Id.*, pp. 6, 8). *See Connecticut Indem. Co. v.*

[1] Starstone does not move for default judgment with respect to its claim that it is entitled to reimbursement of Defense Costs previously expended. (*See* Doc. 15).

*DER Travel Serv., Inc.*, 328 F.3d 347, 349 (7th Cir. 2003); *Crum & Forster Managers Corp. v. Resolution Tr. Corp.*, 620 N.E.2d 1073, 1081 (Ill. 1993). Because StarStone has no duty to defend or indemnify Usman, whether Usman is an insured under the policy is moot.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) is **GRANTED in part**. Plaintiff has no duty to defend or indemnify Breese and Usman in the underlying lawsuit. The Court **DENIES as moot** default judgment on the issue of whether Usman is an insured under the policy.

**IT IS SO ORDERED.**

**DATED: August 25, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**